52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SHANGRI-LA CANYON COUNTRY, LTD; Raznick & Sons, Inc.; Ron
Naquin; Valerie Berry; William Roth, Plaintiffs-Appellants,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.
 No. 93-56585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1995.
Decided April 17, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In this diversity action, plaintiffs, Shangri-La Canyon Country, Ltd., a land development partnership, Raznick & Sons, Inc., a Californian corporation, and its employees Ron Naquin, Valerie Berry, and William Roth (collectively "Shangri-La") appeal the district court's summary judgment in favor of Shangri-La's insurer, Continental Casualty Company ("Continental"). We affirm the district court's decision.
 
 
 4
 1. In its complaint, Shangri-La sought a declaratory judgment that its commercial general liability insurance policy with Continental (the "policy") obligated Continental to defend Shangri-La in a lawsuit filed by homeowners in a Shangri-La development. The homeowners' action alleged that Shangri-La had sold them "view property" which was subsequently obstructed when Shangri-La sold adjacent property to another developer who built homes blocking the homeowners' views and disturbing their privacy. The homeowners' complaint alleged causes of action for breach of contract, fraud, misrepresentation, negligence, and rescission.
 
 
 5
 Under California law, an insurer, such as Continental, must defend its insured against all claims that potentially seek damages within the coverage of the policy. See Horace Mann Ins. Co. v. Barbara B., 846 P.2d 792, 795 (Cal.1993). To come within the policy's coverage, Shangri-La must show that the homeowners' complaint alleged an "occurrence" which resulted in "bodily injury" or "property damage." See Keating v. National Union Fire Ins. Co., 995 F.2d 154, 156 (9th Cir.1993). On appeal, Shangri-La concedes that the policy does not cover the homeowners' causes of action based on breach of contract, rescission, fraud, misrepresentation, or any intentional conduct by Shangri-La. Instead, Shangri-La claims only that the homeowners' negligence cause of action triggered Continental's duty to defend under the policy.
 
 
 6
 Although negligence may in some instances constitute an "occurrence" triggering coverage, negligence which causes economic damage is not considered an "occurrence" for purposes of insurance coverage. See Keating, 995 F.2d at 156; Chatton v. National Union Fire Ins. Co., 13 Cal.Rptr.2d 318, 327-28 (Ct.App.1992). Here, the homeowners' suit alleged negligent supervision and negligent failure to take corrective or preventative action to protect the homeowners' views. These allegations of negligence are inextricably linked to Shangri-La's alleged misrepresentations and the resulting economic loss, and thus do not constitute an "occurrence" under the policy. See Keating, 995 F.2d at 156; Chatton, 13 Cal.Rptr.2d at 327-28.
 
 
 7
 Moreover, the damages alleged by the homeowners were for economic loss and for emotional distress resulting from the economic loss, and not for "bodily injury" or "property damages." See Keating, 995 F.2d at 156 (mental and physical distress do not constitute "bodily injury" if such distress arises from economic loss); Chatton, 13 Cal.Rptr.2d at 325-28 (the phrase "tangible property" in an insurance policy "does not include coverage for economic interests or property rights"). Accordingly, Continental did not breach its duty to defend Shangri-La.
 
 
 8
 2. Shangri-La also contends that Continental waived any grounds for denying coverage which Continental could have discovered through reasonable investigation, but which were not included in its initial denial of coverage. This contention also lacks merit. Under California law, if the grounds for denying insurance coverage could have been discovered by the insurer through reasonable investigation, then any such grounds not raised by the insurer when coverage is initially denied may be waived. Alta Cal. Regional Ctr. v. Fremont Indem. Co., 30 Cal.Rptr.2d 841, 845 (Ct.App.1994). In Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551 (9th Cir.1991), however, this court held that waiver requires some element of misconduct by the insurer or detrimental reliance by the insured. Id. at 1559-1561. Although the California Supreme Court has yet to rule on this issue, all subsequent California appellate courts and federal courts that have considered this issue have followed Intel. We therefore follow Intel and find that Shangri-La failed to demonstrate prejudice or misconduct by Continental. See Intel, 952 F.2d at 1559-1561; Alta, 30 Cal.Rptr.2d at 845.
 
 
 9
 3. Shangri-La also contends that Continental is barred from denying coverage under the policy because Continental admitted coverage, under Fed.R.Civ.P. 8(d), when it failed to deny the allegations in paragraph 11 of Shangri-La's complaint alleging coverage. This contention also lacks merit. Continental's answer to paragraph 11 of Shangri-La's supplemental complaint states: "Defendant admits [Shangri-La's] allegations only to the extent they accurately reflect the facts giving rise to this lawsuit." The affirmative defenses disputed coverage. The answer did not contain any express or implied admission of a duty to defend Shangri-La in the homeowners' lawsuit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3